THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN BASS, Appellant.—

No opinion. (See *People* v. *Bass,* 25 A D 2d 437.) Christ, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES BURCHFIELD, Appellant.

No opinion. Beldock, P. J., Brennan and Munder, JJ., concur: Christ and Benjamin, JJ., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: The proofs in this homicide case were concededly and purely circumstantial. We are not able to say, as we must in such a case, that the facts exclude to a moral certainty every hypothesis except that of guilt and that the proven facts are not only consistent with guilt but are inconsistent with innocence (*People* v. *Weiss,* 290 N. Y. 160). The only proof against appellant is his conceded presence in the apartment where the homicide occurred and at the time when it probably occurred; there is also proffered several unsatisfactory explanations by appellant as to his activity in the apartment and its general condition. Appellant's chief claim has been that he was asleep and slept through the the entire incident that brought death to his roommate. There is independent proof of his propensity for very deep sleep, particularly when he was fortified with alcoholic beverage, as he was in this case. His presence in the apartment and his several unsatisfactory explanations, however, are as consistent with innocence as with guilt, especially when we indulge the very real hypothesis that an unknown or even a named and known possible intruder could have been the actual slayer.